# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| J.W. a minor, by and through her guardian, ANGELA JOHNSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>LIVANOVA USA, INC.,<br><br>    Defendant. | Case No. 4:24-cv-02250<br><br>Judge Alfred H. Bennett |
| CRYSTAL SCHULTZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>LIVANOVA USA, INC.,<br><br>    Defendant. | Case No.: 4:24-cv-02276<br><br>Judge Alfred H. Bennett |
| MICHELE EUSEBE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>LIVANOVA USA, INC.,<br><br>    Defendant. | Case No.: 4:24-cv-02302<br><br>Judge Andrew S. Hanen |
| JUSTIN MEDINA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>LIVANOVA USA, INC.,<br><br>    Defendant. | Case No.: 4:24-cv-02357<br><br>Judge Keith P. Ellison |

## PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE RELATED CLASS ACTIONS, AND SET SCHEDULING DEADLINES UNDER F.R.C.P. 42(a) AND MEMORANDUM IN SUPPORT THEREOF

Plaintiffs J.W. a minor by and through her guardian, Angela Johnson, Crystal Schultz, Michele Eusebe and Justin Medina ("Plaintiffs"), individually and on behalf of all others similarly situated, respectfully move the Court under Rule 42(a) of the Federal Rules of Civil Procedure for an Order consolidating the cases captioned above and setting scheduling deadlines. Plaintiffs communicated with counsel for Defendant LivaNova USA, Inc. ("Defendant" or "LivaNova") who represented that Defendant does not oppose Plaintiffs' Motion with respect to consolidation and scheduling deadlines.

The related actions are *J.W. v. LivaNova USA Inc.,* Case No. 4:24-cv-02250, filed on June 13, 2024 (the "J.W. Action"), *Schultz. v. LivaNova USA Inc.,* Case No. 4:24-cv-02276, filed on June 17, 2024 (the "Schultz Action"), *Eusebe. v. LivaNova USA Inc.,* Case No. 4:24-cv-02302 filed on June 18, 2024 (the "Eusebe Action"), and *Medina. v. LivaNova USA Inc.,* Case No. 4:24-cv-02357 filed on June 22, 2024 (the "Medina Action") (collectively, the "Related Actions"). Kendall Law Group, PLLC represents the Plaintiffs in the J.W. and Schultz Actions, which are both pending before the Honorable Alfred H. Bennet. The Eusebe Action is currently pending before the Honorable Andrew S. Hanen and the Medina Action is currently pending before the Honorable Judge Keith P. Ellison.

The Related Actions bring common claims arising from the same data breach against Defendant. Plaintiffs in the Related Actions allege that the Defendant's inadequate data security allowed a foreseeable and preventable data breach to occur, which compromised the personally identifiable information ("PII") and protected health information ("PHI" and collectively with PII, "Private Information") of Plaintiffs and putative class members. Plaintiffs seek similar damages and equitable relief arising out of the alleged data breach. Plaintiffs thus submit that the Court

2

should consolidate the Related Actions into the first filed action, *J.W. v. LivaNova USA Inc.,* Case No. 4:24-cv-02250 as well as any subsequently filed or transferred related actions pursuant to Rule 42(a).

Plaintiffs collectively agree that consolidation is appropriate under Federal Rule of Civil Procedure 42(a) because the Related Actions involve common questions of law or fact insofar as they all name Defendant, arise from the same events, and assert overlapping claims and putative classes.[1] Plaintiffs further agree that consolidation will avoid unnecessary delay, reduce the risk of inconsistent or duplicative rulings, and mitigate litigation cost. Furthermore, Plaintiffs submit a schedule for Plaintiffs to file a consolidated complaint and for briefing a motion to dismiss the consolidated complaint.

Accordingly, Plaintiffs file this motion and memorandum in support and request that the Court grants their motion to Consolidate the Related Actions under Fed. R. Civ. P. 42(a).

## FACTUAL BACKGROUND

LivaNova is a global medical technology company, whose principal place of business is in Houston, Texas. LivaNova gathers and stores Private Information belonging to Plaintiffs and the Class as a component of its routine business practices. *See J.W.* Complaint, Doc. No. 1; *Schultz* Complaint, Doc. No. 1; *Eusebe* Complaint, Doc. No. 1. This consolidated action arises out of an October 2023 cyber-attack where an unauthorized third party was able to obtain access to Defendant's system and obtain Plaintiffs' and putative Class Members' Private Information including contact information, Social Security numbers, dates of birth, medical information and health insurance information ("Data Breach"). *Id*. Defendant began notifying individuals of the Data Breach on or about May 31, 2024. *Id.*

---

[1] Coordinated Plaintiffs are represented by experienced data breach class action attorneys. Counsel's experience is shown through coordinating with all Plaintiffs to make this proceeding more efficient.

Plaintiffs allege that the cyber-attack and subsequent Data Breach resulted in the compromise of highly sensitive Private Information belonging to approximately 180,000 individuals. *Id*. Plaintiffs allege the criminals were able to gain access as a result of Defendant's failure to implement and follow reasonable and industry standard security procedures. *Id*.

On June 13, 2024, Plaintiff J.W. a minor by and through her guardian, Angela Johnson, filed the first complaint against Defendant alleging various causes of action arising from the Data Breach. *Id*. Within ten days, Plaintiff Schultz, Eusebe and Medina filed class action complaints against Defendant, arising from the same Data Breach with similar allegations and causes of action as the J.W. Action. *See Schultz* Complaint, Doc. No. 1; *Eusebe* Complaint, Doc. No. 1, *Medina* Complaint, Doc. No. 1.

Following the filing of the Related Actions, Plaintiffs discussed the benefits of consolidation and coordination of their respective actions, prompting Plaintiffs to file this motion.

## ARGUMENT

### I.   CONSOLIDATION OF THE ACTIONS IS APPROPRIATE.

#### A. Legal Standard Regarding Consolidation.

The power to consolidate related actions falls within the broad inherent authority of every federal court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a); *see also A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under [Rule] 42(a) to consolidate causes

4

pending in the same district."); *Lockhart v. El Centro Del Barrio*, No. SA-23-CV-01156-JKP, 2024 WL 303253, at *2 (W.D. Tex. Jan. 25, 2024) (finding consolidation appropriate because "Plaintiffs are all patients of Defendant asserting causes of action based on the same data breach resulting from the same cyberattack").

### B. The Related Actions Make Common Legal and Factual Allegations.

Consolidation of the Related Actions is warranted, as the actions require proof of the same basic set of facts to support the causes of action. Specifically, each of the Related Actions focuses on whether Defendant is liable to consumers for its failure to protect Plaintiffs' and putative class members' Private Information that it owed a duty to protect. Because the Related Actions pending before this Court present many of the same factual and legal questions, involve the same Defendant, and will involve the same discovery, consolidation is appropriate to avoid duplicative litigation tracks. *See League of United Latin American Citizens v. Abbott*, No. EP-21-CV-00259-DCG, 2021 WL 5417402, at *2 (W.D. Tex. Nov. 21, 2021) ("The Court finds that all of the above-referenced cases are before the same court (the Western District of Texas); that the cases share common defendants; that the cases share common questions of law and fact; that consolidation will conserve judicial resources and best serve the interests of all parties and witnesses; and that the cases are at similar stage of litigation.").

### C. The Related Actions Should be Consolidated to Reduce Costs and Delay.

The Related Actions involve nearly identical factual allegations against Defendant and regarding the same Data Breach. Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests and duplicative motion practices and cause an unnecessary drain on party and judicial resources. This is true despite minor variations in class definitions in the Related Actions. As explained in *Kaplan v. 21st Century Oncology Holdings, Inc.*, where the court granted a motion to consolidate various class complaints in a data breach case:

5

> Applying the relevant factors from *Hendrix*, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well…
>
> Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. *Id*. On this point, the Court notes that all of the named Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial purposes…
>
> Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.
>
> Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.
>
> Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and *Hendrix*, but also to "secure the just, speedy, and inexpensive determination" of these proceedings.

*Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210, 2016 WL 9383330, at *2-3 (M.D. Fla. July 21, 2016), *report and recommendation adopted*, No. 2:16-cv-210, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016).

Here, each case is in its infancy, and as discussed above involve substantially identical factual allegations and causes of action. Consolidation and reassignment before this Court will streamline two similar actions, promoting judicial economy, avoiding inconsistent rulings, and create efficiency in the discovery process. Alternatively, allowing these cases to proceed individually and before multiple Courts would strain party and judicial resources. Moreover, consolidation imposes no prejudice on Defendant as it will benefit from the gained efficiencies.

### D.  Future-Filed Related Cases Should be Consolidated.

In addition, to ensure continued judicial efficiency, Plaintiffs also respectfully request that the Court order any future filed actions arising from the same or similar facts and circumstances

be transferred to this Court and consolidated with the Consolidated Action. *See, e.g.*, *In re Life Partners Holdings, Inc.*, No. DR-11-CV-43-AM, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) ("future cases 'arising out of the same or substantially the same transactions or events as the above captioned cases' shall be united into the consolidated case.").

In line with the current consolidation, Defendant will suffer no prejudice from the consolidation of any related future filed actions, as it will not be faced with the possibility of relitigating issues that had been litigated in this Court. Consolidation of the Related Actions would therefore inure to the benefit of all parties involved.

### E. Proposed Scheduling Order for Efficiently Proceeding.

Plaintiffs submit the following proposed schedule for efficiently proceeding:

1. Plaintiffs Consolidated Class Action Complaint shall be filed within 30 days after appointment of interim class counsel. Defendant need not respond to the pending complaints filed in the Related Actions; and

2. Defendant shall file a response to the Consolidated Class Action Complaint within 60 days of the filing of the Consolidated Class Action Complaint, and in the event that Defendant's response is a motion to dismiss, Plaintiffs shall have 30 days to file a response thereto, and Defendant shall have 30 days to file a reply in support of any motion to dismiss the Consolidated Class Action Complaint.

### CONCLUSION

For these reasons, Plaintiffs request the Court consolidate the Related Actions into the first filed action *J.W. v. LivaNova USA Inc.,* Case No. 4:24-cv-02250. The Plaintiffs will contemporaneously file a Proposed Order for the Court's consideration.

Dated: June 25, 2024                                      Respectfully submitted,

*/s/ Joe Kendall*
JOE KENDALL
Texas Bar No. 11260700
SDTX Bar No. 30973
**KENDALL LAW GROUP, PLLC**
3811 Turtle Creek Blvd., Suite 825
Dallas, Texas 75219
Phone: 214-744-3000
Fax: 214-744-3015
jkendall@kendalllawgroup.com

Mariya Weekes (*Pro Hac Vice forthcoming*)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
201 Sevilla Avenue, 2nd Floor
Coral Gables, FL  33134
Tel:  (786) 879-8200
Fax: (786) 879-7520
mweekes@milberg.com

***Counsel for Plaintiffs J.W. and Schultz, and the Putative Class***

## **CERTIFICATE OF CONFERENCE**

I certify that on June 25, 2024, counsel for Plaintiffs Mariya Weekes conferred with counsel for Defendant Neil Gilman regarding the substance of this motion and he stated that the Defendant does not oppose consolidation.

                                                */s/ Joe Kendall*
                                                JOE KENDALL

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 25, 2024, I caused a true and correct copy of the foregoing motion to be filed with the Clerk of the Court for the Southern District of Texas via the Court's CM/ECF system, which will send notification of such filing to the counsel of record in the above-captioned matters.

                                            */s/ Joe Kendall*
                                            JOE KENDALL